IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DERRICK ANTHONY MOORE, | : | |
| Plaintiff, | : | |
| VS. | : | **1:10-CV-64 (WLS)** |
| DR. AIKENS, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on May 10, 2010 (Doc. 2). Presently pending in this action are Plaintiff's Motion to Amend Complaint, Motion to Proceed, and Motions to Appoint Counsel (Docs. 8, 22, 24, 26), and Defendants' Motion to Dismiss and Motion to Stay proceedings (Docs. 9, 10).

**Factual Background**

Plaintiff alleges that while housed at Autry State Prison ("ASP"), Defendant Dr. Aikens discontinued Plaintiff's blood pressure medication, Norvasc and Lopressor. As a result, Plaintiff complains that he is suffering from side effects, including dizziness, chest discomfort, and shortness of breath. Plaintiff further alleges that Defendant Medical Director Hutto "knowingly agree[d]" with the decision to discontinue Plaintiff's medications (Doc. 2).

*Motion to Amend (Doc. 8)*

Plaintiff filed this Motion to File an Amended Complaint on July 2, 2010. Plaintiff is seeking to add an additional Defendant, Mitchell County Court, on the ground that Plaintiff's procedural rights were violated because the court has "serious procedural deficienc[ies]" (Doc. 8). Plaintiff filed his initial Complaint on May 10, 2010, waivers of service were executed and

returned by the original two Defendants, and the same two Defendants filed their Motion to Dismiss on August 6, 2010 (Doc. 9).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) ***Amending as a Matter of Course***
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.

Plaintiff's Motion to Amend is timely under Rule 15(a)(1). While the Motion to Amend was filed more than twenty-one (21) days after the Complaint and waivers of service were mailed to the Defendants, Plaintiff filed his Motion to Amend prior to the filing of Defendants' Rule 12(b) Motion to Dismiss. Thus, Plaintiff's Motion to Amend was timely filed under Rule 15(a)(1)(B). The Court lacks the discretion to reject an amended complaint based on futility when the Plaintiff has the right to file an amended complaint as a matter of course. *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, n. 6 (11th Cir. 2007). Accordingly, Plaintiff's Motion to Amend his Complaint is **GRANTED** as Plaintiff had the right to amend as a matter of course.

However, even though Plaintiff's Motion to Amend is granted, the new claim against the new Defendant remains subject to dismissal. Plaintiff has at least three strikes under the Prison Litigation Reform Act, as codified in 28 U.S.C. § 1915(g). Plaintiff was allowed to proceed *in forma pauperis* herein because, at the time of the filing of his Complaint, Plaintiff was alleging "imminent danger of serious physical injury" (Doc. 4). Plaintiff's amendments to the Complaint are unrelated to the allegations in his original Complaint and do not allege "imminent danger of serious physical injury." Therefore, it is the recommendation of the undersigned that Plaintiff's

Amended Complaint, as to the new Defendant, be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

*Motion to Proceed (Doc. 22)*

Plaintiff files this Motion to Proceed stating that he was not notified of Defendants' declination to appear before a full-time U.S. Magistrate Judge. Plaintiff nevertheless agrees for this matter to be heard by a U.S. District Judge. As there is no matter before the Court on which to rule, Plaintiff's Motion to Proceed is hereby **DENIED**.

*Appointment of Counsel (Docs. 24, 26)*

Plaintiff filed a Motion for the Appointment of Counsel on January 26, 2011, but failed to attach a certificate of service (Doc. 24). On February 2, 2011, Plaintiff filed a second Motion for the Appointment of Counsel, attaching a proper certificate of service (Doc. 26).

Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the

existence of exceptional circumstances has not been shown by the Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motions for Appointment of Counsel are **DENIED** at this time.

*Motion to Dismiss (Doc. 9)*

Defendants Aikens and Hutto filed this Motion to Dismiss stating, among other things, that the action should be dismissed due to Plaintiff's failure to exhaust all administrative remedies (Doc. 9).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available

4

administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motion and Plaintiff's response reveals a conflict. In Plaintiff's response, he maintains that he exhausted all administrative remedies when the "grievance counselor refused to sign the grievance and put [the] wrong date of 5/26/10 on [the] grievance, and refuse[d] to give [the] appeal form to Plaintiff" (Doc. 13). The Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims underlying this lawsuit (Doc. 9-1). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Defendants contend, and support with the Affidavit from the Grievance Coordinator at

ASP, that Plaintiff did not exhaust any grievances regarding the Defendants' failure to provide Plaintiff with his blood pressure medication (Doc. 9-2, Ross Affidavit). The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of a grievance system at ASP and establishes that the Plaintiff filed two (2) grievances regarding his blood pressure medication while housed there (*Id.*). However, neither grievance relating to the denial of Plaintiff's medication was exhausted under ASP's grievance process.

Defendants provided the Court with copies of the grievances filed by Plaintiff while housed at ASP. Plaintiff filed a formal grievance related to his blood pressure medication on December 8, 2009. In this grievance he requested refills on both of his blood pressure medications, Norvasc and Lopressor. The formal grievance was denied when the warden determined that Plaintiff was last seen by medical on March 6, 2009, and on that date Plaintiff discharged himself and had not had any orders for medication since (Docs. 9-5; 9-2, Ross Affidavit ¶ 18). This grievance was not appealed.

On April 13, 2010, Plaintiff filed an informal grievance stating that medical refused to refill Plaintiff's blood pressure medication (Docs. 9-5; 9-2, Ross Affidavit ¶ 20). This grievance was not resolved and Plaintiff filed a formal grievance on May 4, 2010. Plaintiff filed this lawsuit on <u>May 10, 2010</u>, six (6) days after he filed his formal grievance. The formal grievance was denied on <u>June 7, 2010</u> stating that Plaintiff needed to follow up in chronic care (Doc. 9-5). Plaintiff did not appeal.

Complete administrative exhaustion is a precondition to filing a lawsuit, and exhaustion must comply with the deadlines and procedures in place. *Woodford*, 548 U.S. at 88. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process. *Id.* at 92. In order to remedy concerns, an inmate must complete a three (3) step grievance process

consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI. Plaintiff failed to fully exhaust his administrative remedies because he did not appeal either of the two grievances relating to his blood pressure medication.

Plaintiff was administratively required to submit an appeal after his formal grievances were denied. Plaintiff was also required to wait until a decision had been made regarding his second formal grievance before filing this lawsuit. *Sewell v. Ramsey*, 2007 WL 201269 (S.D. Ga., Jan. 27, 2007) (holding that if a "plaintiff is still awaiting a response from the warden regarding his grievance, he remains in the process of exhausting his administrative remedies"). Plaintiff filed this suit after failing to exhaust his first grievance and while he was still in the process of exhausting his second grievance.

Plaintiff alleges that administrative remedies were unavailable because the grievance counselor refused to sign his grievance and put the wrong date, May 26, 2010, on his grievance. In order to demonstrate that administrative remedies are unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (an inmate who received a memorandum stating that no right to appeal was available was not required to file an appeal). Plaintiff has failed to provide the Court with any evidence establishing the specific acts of the counselor which prohibited Plaintiff's ability to exhaust all administrative remedies.

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized available administrative remedies to grieve the alleged offenses of the Defendants. Thus, the Court need not discuss Defendants' additional arguments for dismissal. Accordingly, it is the recommendation of the undersigned that Defendants Aiken and Hutto's Motion to Dismiss be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file

written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

*Motion to Stay (Doc. 10)*

Defendants filed this Motion to Stay proceedings pending the decision of their Motion to Dismiss. As the Motion to Dismiss has been examined by this Court and a decision has been recommended to the district judge, the Motion to Stay proceedings is **DENIED** as moot.

**SO ORDERED and RECOMMENDED**, this 7th day of February, 2011.

*s/ THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

llf