**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

DERRICK ANTHONY MOORE, :
:
    Plaintiff, :
:
v. : CASE NO.: 1:10-CV-64 (WLS)
:
DR. AIKENS, *et al.*, :
:
    Defendants. :
_____ :

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed February 8, 2011. (Doc. 28). It is recommended that Plaintiff's Amended Complaint be dismissed as to new Defendant Mitchell County Court pursuant to the three strikes provision of the Prison Litigation Reform Act (Doc. 28 at 2-3), and it is recommended that Defendants' Pre-Answer Motion to Dismiss (Doc. 9) be granted due to the *pro se* prisoner Plaintiff's failure to exhaust administrative remedies (Doc. 28 at 7-8). Plaintiff timely filed an Objection (Doc. 29), and Defendants responded thereto (Doc. 30).

For the following reasons, the objections set forth in Plaintiff's Objection (Doc. 29) are **OVERRULED** and United States Magistrate Judge Langstaff's February 8, 2011 Report and Recommendation (Doc. 28) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's Amended Complaint is **DISMISSED** as to new Defendant Mitchell County Court, and Defendants' Pre-Answer Motion to Dismiss (Doc. 9) is **GRANTED**. The above-captioned matter is therefore **DISMISSED**.

1

As to new Defendant Mitchell County Court, Plaintiff's Objection fails to address the deficiencies described in Judge Langstaff's Report and Recommendation. (*Compare* Doc. 28 at 2-3 *with* Doc. 29 at 1). Neither Plaintiff's Amended Complaint regarding new Defendant Mitchell County Court nor Plaintiff's Objection demonstrate satisfaction of the exception to the three strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). This Court finds that Plaintiff's Objection (Doc. 29) fails to rebut the legally sound recommendation of Judge Langstaff, and accordingly Plaintiff's Objection is **OVERRULED**.

As to Plaintiff's failure to exhaust administrative remedies, Plaintiff's Objection fails to demonstrate that Plaintiff completed the required three steps of the grievance process prior to his filing of the instant action. (*See generally* Doc. 29). The claim of fraud raised in Plaintiff's Objection, even if assumed true, does not overcome the lack of any factual showing that Plaintiff "use[d] all steps in the administrative process and compl[ied] with any administrative deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 89-92 (2006). Because Plaintiff makes no claim that he appealed his grievances prior to filing suit in this Court, this Court finds that Plaintiff's Objection (Doc. 29) fails to rebut the legally sound recommendation of Judge Langstaff, and accordingly Plaintiff's Objection is **OVERRULED**.

## **CONCLUSION**

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 29) are **OVERRULED** and United States Magistrate Judge Langstaff's February 8, 2011 Report and Recommendation (Doc. 28) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's Amended Complaint is **DISMISSED** as to

new Defendant Mitchell County Court, and Defendants' Pre-Answer Motion to Dismiss (Doc. 9) is **GRANTED**. The above-captioned matter is therefore **DISMISSED**.

**SO ORDERED**, this  28th  day of February, 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**